PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee
## Superseding Petition for Warrant or Summons for Offender Under Supervision
### (Supersedes Petition Filed as Docket Entry No. 51)

Name of Offender: Christopher Neal Jones     Case Number: 3:10-00203

Name of Judicial Officer: William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: March 4, 2011

Original Offense: 18 U.S.C. § 2113(a): Attempted Bank Robbery

Original Sentence: 32 months' imprisonment and 3 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: April 15, 2013

Assistant U.S. Attorney: Scarlett Singleton     Defense Attorney: Michael Holley

## PETITIONING THE COURT
■ To consider the additional violation information at his revocation hearing, set for June 24, 2013.
☐ To issue a Summons.
☐ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The additional violation information will be considered at his revocation hearing

Considered this 25th day of June, 2013, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Karen Webb/bp
_____
Karen L. Webb
U.S. Probation Officer

Place    Columbia, TN

Date    June 20, 2013

Page One

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall report in person to the probation office within 72 hours of release from the custody of the Bureau of Prisons:**
Mr. Jones was released from the custody of the Bureau of Prisons on April 15, 2013. He was scheduled to meet with the probation officer at his home on April 17, 2013. He was not at home and did not contact the probation officer in advance of missing this meeting. He called the probation officer later that date to report he had relapsed on drugs. He was instructed to report to the probation office on April 19, 2013. However he missed the appointment and did not contact the probation officer in advance of missing this second meeting. He finally reported in person to the probation officer on April 22, 2013.

2. (Updated)   **The defendant shall refrain from any unlawful use of a controlled substance:**
Mr. Jones admitted that he used both cocaine and Valium since his release from incarceration on April 15, 2013. Hand-held drug tests reflected his use of these substances on April 22, and April 26, 2013. **The laboratory result from the April 22, 2013 drug screen reflects it was negative. The drug screen from April 26, 2013 leaked during shipping and could not be tested at the laboratory. Mr. Jones submitted positive drug screens for cocaine on May 6, May 20, and June 7, 2013.**

3. (Updated)   **The defendant shall submit to drug testing at the request of the probation officer:**
Mr. Jones failed to report for a drug screen on April 25, 2013. **He also failed to report for a drug screen on May 15, 2013.**

**Compliance with Supervision Conditions and Prior Interventions (updated):**
Mr. Jones was recently released to supervision on April 15, 2013. He is residing with his mother and sister in Brentwood. **He is employed at The Local Taco in Nashville. He has been assessed at the Guidance Center in Franklin and is attending sessions to address his substance abuse and mental health issues.** As noted above, Mr. Jones failed to report within 72 hours of his release from custody on two occasions. He missed a drug screen and admits to using cocaine and Valium since his release from custody.

The officer has been in contact with Mr. Jones' mother and sister. They advised that Mr. Jones has been behaving erratically. He has taken his mother's car without permission overnight. He has stolen her cash and credit cards. No charges have been filed against Mr. Jones at this time. **Mr. Jones lost his job at Swanky's Taco in Franklin on May 10, 2013, for missing work related to his substance abuse issues. He has since found employment at The Local Taco.**


**U.S. Probation Officer Recommendation (updated):**
**It is respectfully requested that the additional violation information be considered at the upcoming revocation hearing, set for June 24, 2013. The U.S. Attorney's Office has been advised of the additional information in this petition.**

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. CHRISTOPHER NEAL JONES, CASE NO. 3: 10-00203

GRADE OF VIOLATION:     C
CRIMINAL HISTORY:      I
ORIGINAL OFFENSE DATE:     POST APRIL 30, 2003      PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(2)* | 3-9 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| **SUPERVISED RELEASE:** | not more than 3 years *18 U.S.C. § 3583(h)* | 1-3 years less any term of imprisonment *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

**Statutory Provisions:** Pursuant to 18 U.S.C. § 3583(g), the court shall revoke the term of supervised release if the defendant possessed a controlled substance or if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). If supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. U.S.S.G. § 7B1.3(g)(2).

Respectfully Submitted,

Karen L. Webb
U.S. Probation Officer

Approved: 
W. Burton Putman
Supervisory U.S. Probation Officer